IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Z.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV663 |
| | ) | |
| DURHAM COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is a Motion to Dismiss Complaint, (Doc. 8), filed by Defendant Durham County ("Defendant"). Plaintiff Z.S. ("Plaintiff") responded. (Doc. 13.) For the reasons stated herein, this court will deny the Motion to Dismiss Complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The allegations in the Complaint, viewed in the light most favorable to Plaintiff, as the nonmoving party, are as follows:

Plaintiff is a sixteen-month-old child with several disabilities. (Compl. (Doc. 1) ¶¶ 5, 9.) Plaintiff was born at UNC Hospitals in April 2020 and remained there until May 2021. (Id. ¶¶ 9, 16.) Plaintiff has been "medically stable and . . .

ready for discharge since at least November 10, 2020. (Id. ¶ 12.)

Defendant sought custody of Plaintiff in January 2021 and subsequently obtained custody while Plaintiff was still at UNC Hospitals. (Id. ¶¶ 10, 13, 15.) When Defendant has custody of a child, it can place children in "community-based settings including in a home with a parent(s), relative(s), nonrelative kin (an individual who has a substantial relationship to the child), a licensed foster home, or other home authorized by law to provide care." (Id. ¶ 14.)

In May 2021, Plaintiff was moved from UNC Hospitals to Tar River, "a 30-bed intermediate care facility for individuals with intellectual disabilities . . . in Greenville, North Carolina." (Id. ¶ 16.) Tar River is over 100 miles from Durham County where Plaintiff's parents, who do not drive, live. (Id. ¶ 17.) Plaintiff is still at Tar River. (Id. ¶ 19.) Tar River is classified as an institution by the federal government. (Id. ¶ 20.)

Plaintiff alleges that since he has been in Defendant's custody, "there have been available options for placement in the community that, in conjunction with Medicaid-funded services, could meet [Plaintiff's] needs." (Id. ¶ 18.) For example, "North Carolina offers publicly-funded home and community-based

services such as Private Duty Nursing services and the Community Alternatives Program for Children . . . to provide alternative[s] to institutional care for children with medical needs and permit them to live at home." (Id. ¶ 23.) Plaintiff alleges that Tar River "likely cannot provide adequate social-emotional caregiver-child interactions" because it "is staffed by paid shift workers." (Id. ¶ 22.)

Plaintiff also alleges that Defendant "has failed to obtain Medicaid or Medicaid waiver services that would provide [Plaintiff] medical care . . . in the community." (Id. ¶ 24.) "On information and belief, [Plaintiff] has relatives and nonrelative kin willing to accept [Plaintiff] for placement in their home with appropriate home and community-based services and supports to provide for his needs," and Defendant "places or has the ability to place children with disabilities in foster care homes." (Id. ¶¶ 25-26.)

Plaintiff sued Defendant for violating Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, et seq., and violating Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, et seq. (Id. ¶¶ 30-61.) Defendant filed a Motion to Dismiss Complaint, (Doc. 8), and a brief in support, (Def.'s Br. in Supp. of Mot. to Dismiss Compl. ("Def.'s Br.") (Doc. 9)). Plaintiff responded.

-3-

(Resp. in Opp'n to Mot. to Dismiss ("Pl.'s Resp.") (Doc. 13).) This matter is ripe for adjudication.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id. When ruling on a motion to dismiss, a court must accept the complaint's factual allegations as true. Id. Further, the complaint and facts alleged therein are viewed "in the light most favorable to the plaintiff." Burgess v. Goldstein, 997 F.3d 541, 562-63 (4th Cir. 2021).

Nevertheless, the factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570; see also Iqbal, 556 U.S. at 680. A court cannot "ignore a clear failure in the pleadings to allege any facts which set forth a claim." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335

-4-

F. Supp. 2d 636, 646 (M.D.N.C. 2004). Consequently, even given the deferential standard allocated to the pleadings at the motion to dismiss stage, a court will not accept mere legal conclusions as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Iqbal, 556 U.S. at 678.

III. **ANALYSIS**

"Claims under the ADA's Title II and the Rehabilitation Act can be combined for analytical purposes because the analysis is substantially the same." Wicomico Nursing Home v. Padilla, 910 F.3d 739, 750 (4th Cir. 2018) (internal quotation marks omitted) (quoting Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty., 673 F.3d 333, 336 n.1 (4th Cir. 2012)). To bring a claim under either statute, a plaintiff must establish: "(1) they have a disability; (2) they are otherwise qualified to receive the benefits of a public service, program, or activity; and (3) they were denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of their disability." Nat'l Fed'n of the Blind v. Lamone, 813 F.3d 494, 503 (4th Cir. 2016).

Defendants do not challenge the first two elements. (See Def.'s Br. (Doc. 9) at 6-7.) Accordingly, this court will confine its analysis of Defendant's motion to the third element—

-5-

whether Plaintiff was "denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of [his] disability." Lamone, 813 F.3d at 503.

"Under the disability discrimination statutes, a plaintiff must show that []he was excluded from participation in, or denied the benefits of, a program or service offered by a public entity, or subjected to discrimination by that entity." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005). Title II of the ADA and § 504 of the Rehabilitation Act protect individuals with disabilities from "unjustified institutional isolation," Pashby v. Delia, 709 F.3d 307, 321 (4th Cir. 2013) (internal quotation marks omitted) (quoting Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581, 600 (1999)), requiring that services be provided in integrated, community-based settings where appropriate, Olmstead, 527 U.S. at 607. In Olmstead, the Supreme Court held that the "proscription of discrimination" contained in Title II of the ADA

> require[s] placement of persons with mental
> disabilities in community settings rather than in
> institutions . . . when [1] the State's treatment
> professionals have determined that community placement
> is appropriate, [2] the transfer from institutional
> care to a less restrictive setting is not opposed by
> the affected individual, and [3] the placement can be
> reasonably accommodated, taking into account the
> resources available to the State and the needs of
> others with mental disabilities.

-6-

Id. at 587. The "unjustified institutional isolation of persons with disabilities is a form of discrimination." Id. at 600.

Plaintiff has sufficiently alleged that Defendant discriminated against him on the basis of his disability by unjustifiably keeping Plaintiff in institutional isolation. Plaintiff alleges "that Z.S. was medically stable and had been ready for discharge [from UNC Hospitals] since at least November 10, 2020." (Compl. (Doc. 1) ¶ 12.) Additionally, "[d]uring the time that Durham DSS has had custody of Z.S., there have been available options for placement in the community that, in conjunction with Medicaid-funded services, could meet Z.S.'s needs." (Id. ¶ 18.)[1] Despite the availability of community-based options appropriate for Plaintiff's needs, Plaintiff remains institutionalized. (Id. ¶ 19.) Plaintiff alleges community-based placement can be reasonably accommodated through "Medicaid or Medicaid waiver services that would provide medical care" to Plaintiff in community-based settings "such as in the home of a relative, nonrelative kin, or foster parents," and Plaintiff

---

[1] Plaintiff's factual allegations must be accepted as true at this stage of the proceedings. Whether Plaintiff can present evidence to prove these allegations is a matter for determination later in these proceedings.

-7-

"has relatives and nonrelative kin willing to accept [him] for placement in their home." (Id. ¶¶ 24-25.)

Taking these allegations in the light most favorable to Plaintiff, UNC Hospitals determined as of November 10, 2020 that Plaintiff could be discharged from hospitalized care, and there are available community-based options for Plaintiff, (id. ¶¶ 12, 18); however, Defendant has failed to "ma[ke] reasonable modifications . . . to provide Z.S. access to community-based child welfare services and placement," (id. ¶ 41). The failure to place Plaintiff in a community-based setting when Plaintiff was medically stable and community-based alternatives to institutional isolation appropriate for Plaintiff were available is discrimination in violation of Title II of the ADA. See Olmstead, 527 U.S. at 607.

Defendant argues "the institutional placement of a disabled individual is discrimination under Title II of the ADA only if the disability was a motivating factor for the placement." (Def.'s Br. (Doc. 9) at 6 (emphasis added) (citing Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461-62 (4th Cir. 2012)).)[2] Plaintiff argues that he "does not need to allege discriminatory intent or motivation to establish a violation of

---

[2] Defendant similarly argues that Plaintiff must allege he "was excluded solely by reason of his disability to succeed on a claim under the Rehabilitation Act." (Def.'s Br. (Doc. 9) at 7.)

-8-

the ADA and Section 504" to survive Defendant's motion to dismiss. (Pl.'s Resp. (Doc. 13) at 5-6.)

At the motion to dismiss stage, there is no requirement that Plaintiff must allege that his "disability was a motivating cause or the sole reason," (Def.'s Br. (Doc. 9) at 3), he was discriminated against by Defendant. For example, in Constantine, the Fourth Circuit held that the plaintiff had sufficiently alleged a discrimination claim under Title II of the ADA. 411 F.3d at 498-99. Plaintiff alleged she had a disability that prevented her from completing a professor's exam in the allotted time, and the university failed to offer her reasonable accommodations. Id. The Fourth Circuit reasoned that "[i]f these allegations are true, then [the plaintiff] can demonstrate that the defendants . . . discriminated against her with respect to that course[,] [and] [w]hatever may happen at summary judgment or trial, these allegations are sufficient to satisfy Rule 12(b)(6)." Id. at 499.

Like the plaintiff in Constantine, Plaintiff has sufficiently alleged that he was denied benefits of a program offered by a public entity and, in reliance on Constantine, this court finds the allegations sufficient to state a claim. Defendant relies on Halpern for the proposition that Plaintiff must allege his disability was a motivating factor in

-9-

Defendant's discrimination. (Def.'s Br. (Doc. 9) at 6.) Halpern was decided at summary judgment. 669 F.3d at 467. Although Plaintiff may have to show his disability motivated Defendant to deny him community-based placement to survive summary judgment, that issue is not presently before this court. This court makes no finding, for purposes of the motion to dismiss as to the issues upon which Plaintiff may be required to present evidence at summary judgment.[3]

Finally, although not explicitly raised by Defendant, this court recognizes that Plaintiff has not specifically pled that "the State's treatment professionals have determined that community placement is appropriate" as contemplated by Olmstead, 527 U.S. at 587. Such allegation is not required, as "lower courts have universally rejected" any requirement "that Plaintiff allege in [his] Complaint that state treatment professionals have determined [community-based] . . . placement is appropriate." United States v. Georgia, 461 F. Supp. 3d 1315, 1323 (N.D. Ga. 2020) (internal quotation marks omitted) (quoting

---

[3] Defendant may be correct that motivation may be a factor under Halpern. However, the issues in this case appear to align more closely with Olmstead rather than Halpern. If so, then the relationship between Defendant's contention that Plaintiff must allege and prove a motivation element and Olmstead's three-pronged test for placement in the community is complex and not resolved at this stage of the proceedings.

-10-

Day v. District of Columbia, 894 F. Supp. 2d 1, 23 (D.D.C. 2012)).

Here, Plaintiff has alleged that there are "available options for placement in the community that . . . could meet [his] needs." (Compl. (Doc. 1) ¶ 18.) Plaintiff also alleges that "[i]nstitutional care is no safer than other placements, is not better at promoting child development, [and] does not achieve better long-term outcomes for children." (Id. ¶ 28.) Taking these allegations as true, Plaintiff has sufficiently alleged community-based care exists appropriate to care for Plaintiff's needs. Therefore, this court finds that allegation sufficient to plausibly allege a claim under Title II of the ADA. Therefore, this court will deny Defendant's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, this court will deny Defendant's Motion to Dismiss Complaint, (Doc. 8).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Complaint, (Doc. 8), is **DENIED**.

This the 7th day of March, 2022.

/s/ William L. Osteen, Jr.
United States District Judge