IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

Civil Case No. 1:21-cv-663-WO-LPA

| | |
|---|---|
| Z.S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| v. ) | **JOINT MOTION FOR APPROVAL OF** |
| ) | **MINOR SETTLEMENT** |
| DURHAM COUNTY, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Z.S. ("Minor Plaintiff") and Defendant Durham County ("Defendant") (together, the "Parties"), by and through their counsel and pursuant to L.R. 17(c), respectfully submit this Memorandum in Support of their Joint Motion for Approval of Minor Settlement.

## FACTUAL BACKGROUND

This matter was brought pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12131 *et seq*., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 *et seq*. Minor Plaintiff was born prematurely and with disabilities affecting his kidney, trachea, and blood pressure. Defendant is responsible for child welfare services in Durham County, North Carolina. (ECF No. 1 ¶ 9). Defendant had custody of Minor Plaintiff from in or around January 2021 until in or around July 2022, when Minor Plaintiff was returned to the custody of his parents. During this time, Minor Plaintiff lived at an intermediate care facility for individuals with intellectual disabilities ("ICF-IID") known as "Tar River" in Greenville, North Carolina. (*Id*. ¶ 16.) The Centers

1

for Medicare and Medicaid Services classify ICF-IIDs like Tar River as an institution. (*Id*. ¶ 20.)

Minor Plaintiff claims Defendant, by placing him in an institutional setting, discriminated against him in violation of the "integration mandate" in both Title II of the ADA and the Rehabilitation Act. *See* 28 C.F.R. § 35.130(d); 45 C.F.R. § 84.4(b)(2). Minor Plaintiff brought this action seeking (1) a declaration that Defendant violated the ADA and the Rehabilitation Act by failing to obtain home- and community-based services for Minor Plaintiff and permitting his continued institutionalization; (2) an injunction ordering Defendant to obtain services for Minor Plaintiff that would permit him to live in a community-based setting and not an institution; and (3) damages and attorneys' fees. (ECF No. 1 at 12-13.) Defendant disputes that it violated the ADA or Rehabilitation Act and contends that it diligently searched for an appropriate noninstitutional placement for Minor Plaintiff.

On December 5, 2022 the Parties reached a settlement in principle. The Parties' settlement would completely resolve Minor Plaintiff's claims and result in a full dismissal of this action with prejudice.

## **ARGUMENT**

The Parties respectfully submit that their settlement is fair, reasonable, and in the best interest of the Minor Plaintiff. The settlement requires that Defendant (1) pay Minor Plaintiff $15,000 and Minor Plaintiff's counsel $5,000; and (2) institute updated protocols to better ensure that Defendant prioritizes and facilitates home- and community-based placements for medically fragile children in its custody. The settlement would thus both

compensate Minor Plaintiff for his alleged injuries as a result of his institutional placement and help ensure that, going forward, medically fragile children in Defendant's custody live in the most integrated setting appropriate to their needs. Minor Plaintiff's guardian *ad litem*, Dr. Jeffery Holden, supports the settlement and believes it is fair, reasonable, and in Minor Plaintiff's best interest.

Without a settlement, this case would go likely to trial as neither party could be assured that all issues could be resolved at summary judgment. To obtain compensatory damages, Minor Plaintiff would need to show that Defendant, by placing Minor Plaintiff in an institutional setting, acted with "deliberate indifference" to his federally-protected rights. *See Bone v. Univ. of N. Carolina Health Care Sys.*, No. 1:18CV994, 2022 WL 138644, at *2 (M.D.N.C. Jan. 14, 2022). This standard would require a fact-intensive inquiry and would be difficult to resolve at summary judgment and would, at trial, require expert testimony and a multitude of lay witnesses.

The Parties respectfully submit that their proposed settlement is fair, reasonable, and in the best interest of the Minor Plaintiff.

## **CONCLUSION**

The Parties respectfully request that the Court approve the Parties' settlement and permit Minor Plaintiff to dismiss this action.

Respectfully submitted this 5th day of December 2022.

| DISABILITY RIGHTS NC | THE BANKS LAW FIRM, P.A. |
|---|---|
| */s/ Holly Stiles* | */s/ Danielle Barbour Wilson* |
| Holly Stiles | Danielle Barbour Wilson |
| N.C. State Bar No. 38930 | N.C. State Bar No. 39516 |
| 3724 National Drive Suite 100 | Dylan Hix |
| Raleigh, NC 27612 | NC State Bar No. 53930 |
| Phone: [919] 856-2195 | P.O. Box 14350 |
| Fax: [919] 856-2244 | Research Triangle Park, NC 27709 |
| Email: holly.stiles@disabilityrightsnc.org | Tel.: [919] 474-9137 |
| | Fax: [919] 474-9537 |
| *Attorneys For Plaintiff Z.S.* | Email: dwilson@bankslawfirm.com |
| | Email: dhix@bankslawfirm.com |
| | *Attorneys For Defendant Durham County* |